UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**REGINAL BRADLEY,**

    **Plaintiff,**

**CASE NO.:**

**v.**

**ALL-STATE EXPRESS, INC., and
SPENCER A. SQUIER,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Reginal Bradley ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, All-State Express, Inc. ("Defendant All-State") and Spencer A. Squier, ("Defendant Squier"), collectively ("Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. This Court has jurisdiction over the Unpaid Wage claims pursuant to 28 U.S.C. § 1367, because the acts and omissions that give rise to Plaintiffs' FLSA claims are the same acts and omissions that give rise to Plaintiffs' Unpaid Wage Claims.

4. At all times material hereto, Defendants were subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193. Defendants are subject to personal jurisdiction in Florida, because they caused injury in the State of Florida through its acts and omissions outside of the State of Florida.

5. Furthermore, this Court's exercise of personal jurisdiction over Defendants is constitutionally sound. Through their operations in Gainesville, Florida, in Alachua County, Defendants established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

6. Venue is proper in this district because all of the events giving rise to these claims occurred in Alachua County, Florida.

## PARTIES

7. Plaintiff is a resident of Alachua County, Florida.

8. Defendant All-State operates a freight transportation business in Kernersville, in Forsyth County, North Carolina.

9. Defendant Squier is the President and Owner of All-State Express, Inc.

10. Defendant All-State and Defendant Squier entered into a joint employer relationship and are authorized as "joint-employers" under the FLSA by virtue of their rigorous control over all of the individual employees. Further, Defendants together prepared the payroll and distributed the payment of wages on behalf of Defendant Patterson for Plaintiff and members of the Class.

11. At all times relevant to this action, Defendant Squier, as president and chief executive officer for Defendant All-State, had the authority to hire and fire employees, determine the work schedules of employees, set the pay rate of employees, and control the finances and operations of Defendant All-State.

12. Ultimately, Defendant Squier exercised significant day-to-day control over Defendant All-State, including with respect to personnel management, and daily business operations. Defendant Squier was responsible for the company-wide underpayment of Plaintiff because he had the authority to hire and fire employees, determine the work schedules of employees, set the pay rate of employees, and control the finances and operations of Defendant All-State.

13. Defendant Squier is a corporate officer with operational control of Defendant All-State and, thus, is jointly and severally liable under the FLSA for unpaid wages.

## GENERAL ALLEGATIONS

14. Plaintiff has satisfied all conditions precedent, or they have been waived.

15. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

16. Plaintiff requests a jury trial for all issues so triable.

17. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

18. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

19. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

20. Defendant continues to be an "employer" within the meaning of the FLSA.

21. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

22. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

23. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## FACTS

24. Plaintiff began working for Defendant as a Driver in March 2021, and he worked in this capacity until July 2021.

25. Defendant purportedly contracts with independent contractors in Florida to act as its Drivers.

26. However, Defendant exercises employee-level of control over its Drivers' actions and responsibilities, all the while improperly classifying them as independent contractors in order to divert its own costs of doing business on to them.

27. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid a minimum wage for all of the hours that he worked.

28. Defendant deducted the cost of its own truck and fuel costs, such that Plaintiff often owed Defendant money at the end of the work week.

29. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a percentage of the truck's freight.

30. Defendant failed to pay Plaintiff all wages owed to him, including amounts he would have earned had the Defendant not withheld monies for alleged vehicle costs and fuel.

31. Plaintiff's wages constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

32. Defendant's failure to pay Plaintiff all of his wages, including, was willful.

33. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION
### (As to Defendants All-State and Squier)

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

35. During the statutory period, Plaintiff worked for Defendants, and he was not paid a minimum wage for the hours that he worked, as mandated by the FLSA.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b)    Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c)    An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment stating that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA UNPAID WAGES

## (As to Defendants All-State and Squier)

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

39. During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for his services.

40. Defendants consistently made a deduction from Plaintiff's wages to cover the cost of freight and that Defendant required Plaintiff to pay for.

41. Defendants' practice of unlawfully deducting these monies from Plaintiff's wages constitutes a failure to pay the federal minimum wage to employees for hours worked, in violation of the FLSA.

42. By unlawfully deducting these monies from Plaintiff's wages, Defendants obtained "kickbacks" from Plaintiff, in violation of 29 C.F.R. § 531.35.

43. Defendants' unlawful deduction practices violate the provisions of the FLSA.

44. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

45. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid wages as measured by Defendants' unlawful deductions, as liquidated damages;

b) Judgment against Defendant, stating that Defendants' violations of the FLSA were willful;

c) A jury trial for all issues so triable;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT IV – UNPAID WAGES UNDER FLORIDA COMMON LAW
### (As to Defendant All-State)

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

47. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for his services.

48. Defendant failed to pay Plaintiff all "wages" owed to him, including his wages.

49. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 2nd day of February, 2022.

                                    Respectfully submitted,

                                    */s/ Brandon J. Hill*
                                    **BRANDON J. HILL**
                                    Florida Bar Number: 0037061
                                    Direct Dial: 813-337-7992
                                    **AMANDA E. HEYSTEK**
                                    Florida Bar Number: 0285020
                                    Direct Dial: 813-379-2560

        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**